CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

May 29, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID ROBINSON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:24cv00255 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| CHAD HALMOLTON, ) | By:   Hon. Thomas T. Cullen |
| ) |         United States District Judge |
| Defendant. ) | |

Plaintiff David Robinson, a Virginia inmate proceeding *pro se,* filed this civil action under 42 U.S.C. § 1983, alleging that he was subjected to cruel and unusual living conditions at the Rockbridge Regional Jail. Robinson names Chad Halmolton as the sole defendant and seeks leave to proceed *in forma pauperis* with this action. Having reviewed Robinson's submission, the court grants his request to proceed *in forma pauperis* but concludes that his complaint fails to state a cognizable § 1983 claim against Halmolton. Accordingly, the court will dismiss the complaint without prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

I.

Robinson alleges that he was "accused of bringing back [his] med[ication]s and sharing with other inmates." (Compl. at 2 [ECF No. 1].) Robinson argues that "they" did not charge him with a disciplinary infraction, but he was "locked [] down," his medications were taken from him without him being "w[ean]ed" off of them, and he did not get a shower. (*Id.*) Robinson seeks unspecified damages "for pain and suffering [of] cr[ue]l and unusual

punishment." (*Id.*) Hamolton's name appears only in the caption of the complaint and Robinson does not allege any facts against him.

## II.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "Factual allegations must be enough to raise a right to relief above the speculative level," with all the allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Additionally, liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).

The Eighth Amendment protects prisoners from cruel and unusual living conditions. *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1991). The Constitution does not mandate comfortable prisons, but neither does it allow inhumane ones. *Id.*; *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Prison officials must provide humane conditions of confinement, including adequate food, clothing, shelter, and medical care, and also must take reasonable measures to ensure the safety of inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). "To make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993) (internal quotations and citations omitted).

Robinson fails to allege any fact against defendant Hamolton and, thus, the court cannot determine that he was involved at all in allegedly violating Robinson's federal rights. Accordingly, the court will dismiss this action without prejudice under § 1915(e)(2)(B)(ii) for failure to state a claim.

The Clerk is directed to forward copies of this Memorandum Opinion and the accompanying Order to Robinson.

**ENTERED** this 29th day of May, 2024.

/s/ *Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE